UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTOINE McSWAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00158-LJM-MJD |
| | ) | |
| MRS. S. HENDREN Correctional Officer, | ) | |
| MR. REID Sergeant, | ) | |
| MRS. RINEHART Sergeant, | ) | |
| MRS. P. GUFFEY Screening Officer, | ) | |
| MR. M. SPURGIN Captain, | ) | |
| MR. ANDREW COLE Assistant Superintendent of Re-Entry, | ) | |
| MR. WAYNE SCAIFE Facility Designee-Disciplinary Appeal Officer, | ) | |
| DUSHAN ZATECKY Superintendent, | ) | |
| MR. ROBERT D. BUGHER Staff Counselor, | ) | |
| MR. LT. MARVELL Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting *In Forma Pauperis* Status,
Dismissing Complaint,
And Directing Further Proceedings**

Plaintiff Antoine McSwain, an inmate in the Putnamville Correctional Facility, commenced this 42 U.S.C. § 1983 action on April 7, 2017, alleging civil rights violations against ten Indiana Department of Correction officials. The Court makes the following rulings:

**I. *In Forma Pauperis* Status**

Plaintiff's request to proceed in forma pauperis, dkt. [3], **is granted**. An initial partial filing fee of twenty-two dollars and thirty-two cents ($22.32) shall be paid to the Clerk no later than **May 19, 2017**. Notwithstanding the foregoing ruling, the plaintiff owes the entire $350 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse pre-payment of the docket fees; a litigant

remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening

A. Legal Standard

Because plaintiff is a prisoner, the complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

B. Plaintiff's Claims

Plaintiff's claims concern a disciplinary action he was subjected to in April, 2015, when defendant Officer Hendren lodged a sexual harassment disciplinary charge against him. Plaintiff brings claims against Officer Hendren and nine other corrections officials because of their

commencing and handling of the disciplinary matter or their actions taken because of it. Below is a summary of the claims plaintiff makes against each defendant:

(1) Officer Hendren -- for commencing a sexual harassment disciplinary action against him, plaintiff asserts claims for gross negligence, emotional distress, abuse of process, and malicious prosecution. Dkt. 2, p. 4, ¶ 16.

(2) Sgt. Reid -- for urging Officer Hendren to pursue a disciplinary action against him, plaintiff asserts claims for gross negligence, emotional distress, abuse of process, malicious prosecution, and false light. Dkt. 2, p. 4, ¶ 17.

(3) Lt. Marvell -- for taking away plaintiff's prison job before he was found guilty of Officer Hendren's disciplinary complaint, plaintiff asserts a claim for malfeasance. Dkt. 2, p. 4, ¶ 18.

(4) Sgt. Rinehart -- for not dismissing Officer Hendren's disciplinary complaint when he reviewed it, plaintiff asserts claims for gross negligence, abuse of process, and malicious prosecution. Dkt. 2, p. 4, ¶ 19.

(5) Officer Guffey -- for negligently processing Officer Hendren's disciplinary complaint and not dismissing it, plaintiff asserts claims for gross negligence, abuse of process, and malicious prosecution. Dkt. 2, p. 4, ¶ 20.

(6) Captain Spurgin -- for "signing off" on Officer Hendren's disciplinary action complaint, plaintiff asserts claims for gross negligence, abuse of process, and malicious prosecution. Dkt. 2, p. 4, ¶ 21.

(7) Andrew Cole -- for not releasing plaintiff from "lock-up" when he requested it, plaintiff asserts claims for gross negligence and deliberate indifference. Dkt. 2, p. 4, ¶ 22.

(8) Wayne Scaife -- for his actions as hearing officer in unjustly amending the charge against plaintiff, plaintiff asserts claims for libel, emotional distress, gross negligence, abuse of process, and malicious prosecution. Dkt. 2, p. 4, ¶ 23.

(9) Dushan Zatecky -- for being the Superintendent of the correctional facility where the actions giving rise to this action occurred, plaintiff asserts the Superintendent is liable to him under the doctrine of respondeat superior. Dkt. 2, p. 4, ¶ 24.

(10) Robert Bugher -- for denying plaintiff's administrative appeal of his conviction in the disciplinary action, plaintiff asserts claims for gross negligence, deliberate indifference, and emotional distress. Dkt. 2, p. 5, ¶ 15.

Plaintiff's claimed injuries as a result of Officer Hendren's alleged false allegation of sexual harassment are that he lost his prison job as a utility worker and was prevented from being hired in another prison job for a time afterward. Dkt. 2, p. 5. He was also sent to a lock-up unit where he spent thirty-two and a half days.

There is no assertion by plaintiff that he lost good time credits, that he lost credit-earning classification, or that his lock-up unit time was under oppressive conditions. Again, plaintiff presents these issues as a civil rights action for damages against these defendants, and not as a habeas corpus action seeking relief from the fact or length of confinement.

C. Analysis

1. Claims concerning the disciplinary complaint

A prison inmate does not have a constitutional right to be free from false or baseless disciplinary charges. *Lagerstrom,* 463 F.3d at 624-25 (due process rights are not violated if a false conduct report is filed). Every claim made against Officer Hendren flows from the premise that she initiated a false claim of sexual harassment against plaintiff. Under *Lagerstrom*, the assertions

against Officer Hendren fail to state a claim upon which relief can be granted and are therefore **dismissed**.

Because the claims asserted against defendants Reid, Rinehart, Guffey, and Spurgin are based on the same concept -- the pursuing of an alleged false disciplinary action -- they, too, fail to state a claim upon which relief can be granted and are **dismissed**. In addition, plaintiff's claims of gross negligence against all of these defendants fail to state a claim upon which relief can be granted. *Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under 42 U.S.C. § 1983).

        2.        Disciplinary hearing and appeal

The claims against the two disciplinary hearing officials, hearing officer Scaife who plaintiff claimed found error in the original charge but unjustly amended it to a different charge, and appeal officer Bugher, who plaintiff claimed unjustly denied the appeal, are also **dismissed**. A prisoner does not have a right to a specific outcome of a hearing or appeal, only to due process during the proceedings. *Wolff v. McDonnell*, 418 U.S.C. § S. 539 (1974). The complaint fails to state a claim upon which relief can be granted as to Scaife and Bugher.

        3.        Claim concerning particular prison job

Plaintiff's claim against defendant Marvell is that Marvell took away his prison job before plaintiff was found guilty of disciplinary charges. Prisoners have no property or liberty interest in retaining any particular job in prison. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc). Accordingly the claim against defendant Marvell is **dismissed** for failure to state a claim upon which relief can be granted.

4. Claim concerning not being released from lock-up

Plaintiff's complaint against defendant Cole was that Cole unjustly denied plaintiff's request to be released from lock-up, where he spent thirty-two and a half days. A prisoner's liberty interest is implicated by prison discipline, such as placement in a special housing unit, only if that discipline "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996) (per curiam); *Palmer v. Richards*, 364 F.3d 60, 65-66 (7th Cir. 2004). Plaintiff pleads nothing that supports any inference that his short time in lock-up was an atypical and significant hardship as compared to ordinary prison conditions.

Accordingly, the complaint fails to state a claim upon which can be granted against defendant Cole and that claim is **dismissed**.

5. Respondeat Superior

Superintendent Zatecky is named as a defendant by plaintiff's assertion of the doctrine of respondeat superior. There are otherwise no allegations made against defendant Zetecky. Section 1983 liability requires personal involvement in the alleged constitutional deprivation and cannot be premised on respondeat superior liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A damages suit under [section] 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under [section] 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (internal citation and quotation marks omitted). The complaint fails to state a claim upon which relief can be granted against defendant Zatecky, and that claim is accordingly **dismissed**.

### III. Opportunity to Show Cause

The Court has found no viable federal claim against any of the ten defendants. The plaintiff shall have **through May 19, 2017**, in which to show cause why this action should not be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

### IV. Summary

All claims against all defendants are dismissed. The motion for leave to proceed in forma pauperis, dkt. [3], is **granted**. Plaintiff shall pay an initial partial filing fee of $22.32 to the clerk no later than **May 19, 2017**. Plaintiff has through **May 19, 2017, to show cause** why this action should not be dismissed.

**IT IS SO ORDERED**.

Date: 4/18/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Antoine McSwain, #945860
Putnamville Correctional Facility
Electronic Service Participant – Court Only